UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:98-CR-47 |
| | ) | |
| JOSHUA HIGHT | ) | |

**O R D E R**

This criminal matter is before the Court to consider a motion filed by the defendant seeking additional credit for time served because he contends that the Bureau of Prisons has miscalculated his sentence. It is clearly settled that after a defendant is sentenced, the Bureau of Prisons ("BOP"), and not the district judge, has authority to determine when a sentence is deemed to commence, whether defendant should receive credit for time spent in custody before the sentence commenced, whether defendant should be awarded credit for good time, and the place of confinement. The BOP may consider the recommendation of the sentencing judge, but the judge's views are not controlling. 18 U.S.C.A. §§ 3585(a) and (b), 3621(b), 3624(b); *United States v. Wilson,* 503 U.S. 329 (1992); *United States v. Pineyro,* 112 F.3d 43 (2nd

Cir. 1997).

As explained by the Sixth Circuit in the unpublished disposition of *United States v. Chase*, 104 Fed.Appx. 561, 562, 2004 WL 1791480, *1 (6th Cir.(Tenn.)):

> Although 18 U.S.C. § 3585(b) entitles a defendant to sentencing credit under certain circumstances for time spent in official detention prior to the beginning of the sentence, it is the Attorney General through the Bureau of Prisons and not the district court that has the authority to grant the credit. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.2001). Only after a prisoner has exhausted his remedies through the Bureau of Prisons, see 28 C.F.R. §§ 542.10-.16, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

The defendant has failed to show that he has exhausted his remedies through the Bureau of Prisons, and therefore, he cannot seek judicial review pursuant to 28 U.S.C. § 2241. In addition, an application seeking relief under 28 U.S.C. § 2241 must be filed in the district where the petitioner is in custody. In this case, the petitioner is in custody in South Carolina and not the Eastern District of Tennessee.

Accordingly, this Court does not have jurisdiction to order the relief requested by the defendant, and it is hereby **ORDERED** that the defendant's motion is **DENIED.** [Doc. 456].

E N T E R:

                                          s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE